1819.

BREGAW
v.
CLAW.

---

BREGAW *against* CLAW.

Where a bill was filed against *C.* charging him with fraud and breach of trust, as administrator of *B.*, and the defendant put in an answer, and also a *plea*, stating that all the acts, in relation to the estate of *B.*, were done by him and *V.* jointly, as administrators, to which there was no replication: *Held*, that on the allegation in the plea, *V.* the co-administrator, ought to be made a party; but leave was given to the plaintiff to amend his bill, on payment of costs.

*August 25th.*

THE bill stated, that the plaintiff is one of the children and heirs of *Peter Bregaw*, deceased, and that the *defendant and Barent Vanderpoel* were appointed administrators of *P. B.*, and that the defendant was, afterwards, appointed administrator of *John Bregaw*, one of the sons of *P. B.* and who died without issue, and intestate. The bill charged the defendant with various acts of fraud and breach of

trust, as administrator of *P. B.*, and as administrator of *John Bregaw.*

To this bill the defendant put in an answer, giving an account of his conduct as administrator. He also filed a *plea*, alleging that *Barent Vanderpoel* was appointed one of the administrators of *P. B.*, and that all acts, in relation to the estate, were done by him and *Vanderpoel* jointly, and that the latter ought to have been made a party to the bill.

No replication was filed to the plea. The question submitted to the Chancellor was, whether *B. Vanderpoel* ought to have been made a party, according to the allegations in the plea.

*J. Vanderpoel*, for the plaintiff, cited 1 *Johns. Ch. Cas.* 349., and contended that the bill seeks only to charge the defendant for his separate acts.

*Van Buren* and *Butler*, for the defendant, cited 2 *Madd. Tr.* 143. 153. 7 *Ves.* 563. 2 *P. Wms.* 684. 2 *Atk.* 51. 2 *Vern.* 420. 11 *Ves.* 424. *Finch*, 82. 3 *Atk.* 406. *Cooper's Eq. Pl.* 34. 290., and contended, that all trustees, executors, and administrators, &c. must be parties to a suit respecting the subject matter of the trust; and that this case does not fall within any of the exceptions to the general rule.

THE CHANCELLOR said, that in this case, the allegations in the plea were to be assumed as true, and, therefore, the plea must prevail. No reason appeared why the co-administrator was not made a party. Leave was given to the plaintiff to amend his bill, upon payment of costs. (*Mitford's Tr.* 221. 1 *P. Wms.* 428.)

Order accordingly.